IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PRISCILLA LETT and RONALDREE LETT, ) ) ) **Plaintiffs,** ) ) v. ) ) STATE FARM FIRE AND CASUALTY ) INSURANCE COMPANY, JASON ) HANDLEY, et al., ) ) **Defendants.** ) | **CIVIL ACTION NO.: 2:25-CV-00277-JB-C** |

## REPORT AND RECOMMENDATION

This cause is before the Court on the Plaintiff's Motion to Remand (Doc. 9), and State Farm Fire and Casualty Company's Opposition to Motion to Remand (Doc. 12). Upon consideration of the parties' respective briefs, it is **RECOMMENDED**, for the reasons stated herein, that Plaintiff's Motion to Remand be **DENIED**. Set forth below are the undersigned's Findings of Facts and Conclusions of Law.

### I.   Factual Background

Plaintiffs Priscilla and Ronaldree Lett (collectively "Plaintiffs") initiated Civil Action No. 48-CV-2025-900058, styled *Priscilla Lett and Ronaldree Lett v. State Farm and Casualty Company, Jason Handley and Logan Deen Agency, LLC* on July 9, 2025 in the Circuit Court of Marengo County, Alabama. In the Complaint, Plaintiffs allege claims against State Farm for misrepresentation (Count I), breach of contract (Count II), and bad faith failure to pay (Count III). Plaintiffs allege a claim against Jason Handley for bad faith failure to pay (Count II). Plaintiffs allege a claim against the Deen Agency for misrepresentation (Count I). On July 9, 2025, State Farm Fire and Casualty Insurance Company ("State Farm") removed the state court action to this

Court based on fraudulent joinder, alleging the Deen Agency and Jason Handley were fraudulently joined by Plaintiffs to defeat diversity jurisdiction. (Doc. 1). Plaintiffs now move to remand this action to the Circuit Court for Marengo County, Alabama. (Doc. 9).

## II.     Legal Standards

When a case is removed to federal court "based on diversity jurisdiction…the case must be remanded to state court if there is not complete diversity between the parties or one of the defendants is a citizen of the state in which the suit is filed." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (Citations omitted). Under the doctrine of fraudulent joinder, "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). "In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe v. Coleman*, 113 F.3d 1526, 1538 (11th Cir. 1997). The standard of proof under the doctrine of fraudulent joiner is "clear and convincing." *Stillwell* at 1332.

When deciding whether remand is appropriate, "the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff.'" *Stillwell* at 1332–33. A decision regarding whether a defendant was fraudulently joined must be based on "plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). "'[F]ederal courts are not to weigh the

merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.'" *Stillwell* at 1332–33. "'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'" *Id*. Courts look "to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court." *Id*. at 1334.

Furthermore, in analyzing whether there is any "possibility" the plaintiff can establish a cause of action against the non-diverse defendant, "the potential for legal liability must be reasonable, not merely theoretical." *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005) (quotation omitted). A defendant can be properly joined in a case only if there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Crowe*, 113 F.3d at 1540 (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176-77 (5th Cir. 1968)).

**III.     Analysis & Conclusions of Law**

State Farm's removal notice alleges Defendants Jason Handley and the Deen Agency have been fraudulently joined in this action and the Court may disregard their citizenship. (Doc. 1, PageID.6). According to State Farm, complete diversity of citizenship exists because Plaintiffs are citizens of the State of Alabama and State Farm is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Bloomington, Illinois. (Doc. 1, PageID.5). Plaintiffs do not dispute State Farm's position that Jason Handley was fraudulently joined as a defendant. (Doc. 12, PageID.174). Therefore, the undersigned need only determine whether the Deen Agency was fraudulently joined for purposes of remand.

In their Complaint, Plaintiffs allege they "were told by an agent of Defendant Deen Agency that Defendant State Farm treated their customers fairly, had an excellent track record in handling customer's claims and would fairly handle any claim that was made provided all premiums were made and Plaintiffs' obligations to assist in the investigation of a claim performed." (Doc. 1-2, PageID.27). These alleged statements are the basis for Plaintiffs' claim of Intentional/Negligent Misrepresentation (Count I) against the Deen Agency. Count I alleges the Deen Agency "intentionally or negligently led Plaintiffs to believe that their claim would be handled fairly and timely, provided the payments were paid and Plaintiffs had fulfilled the obligations of the policy." (Doc. 1-2, PageID.28-29, ¶11).

Under Alabama law, the elements of actionable fraud based on a false representation are: "1) a duty to speak the truth; 2) a false representation of a material fact made intentionally, recklessly, or innocently; 3) action by the plaintiff upon the false representation; and 4) damages proximately resulting from the false representation." *Fincher v. Robinson Bros. Lincoln-Mercury*, 583 So. 2d 256, 259 (Ala. 1991). Pursuant to Rule 9 of the Alabama Rules of Civil Procedure, all averments of fraud shall be stated with particularity. Rule 9(b), Ala. R. Civ. P. A plaintiff "must use more than generalized or conclusionary statements setting out the fraud." *Crum v. Johns Manville, Inc.*, 19 So. 3d 208, 218 (Ala. Civ. App. 2009).

In its Notice of Removal, State Farm contends Plaintiffs cannot establish two of the four essential elements of a claim for fraud under Alabama law against the Deen Agency, as they have not alleged an actionable misrepresentation, and thus, they have not been damaged.

In their Motion to Remand, Plaintiffs assert what the undersigned discerns as three arguments in opposition to State Farm's fraudulent joinder argument. First, Plaintiffs contend that because State Farm does not argue that a claim for misrepresentation against an insurance agent

4

or agency does not exist under Alabama law, under the circumstances they allege here, then the Court must presume it is possible such a misrepresentation claim exists. (Doc. 9, PageID.166). The undersigned finds this argument without merit. Because a claim may exist under Alabama law does not mean the Plaintiffs can establish liability simply because the claim exists. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

Second, the Plaintiffs argue that the only arguments State Farm makes regarding the fraudulent misrepresentation claim being not possibly pled or not an arguable cause of action are that (1) the Plaintiffs could not have reasonably relied on any statements made by the Deen Agency because those statements are puffery, and (2) the Plaintiffs have not been damaged because State Farm has not denied coverage. (Doc. 9, PageID.167). Plaintiffs claim that whether they reasonably relied on the alleged representations is a question of fact left to the jury. (*Id.*).

Finally, Plaintiffs state that under Alabama law, an opinion such as the Deen Agency's representations to the Plaintiffs can be considered a statement of fact, if the evidence shows that (1) the Defendant claimed to have special knowledge about the business at hand that the Plaintiff did not have, (2) the Defendant made a statement, not as a casual expression of belief, but in a way that assured that the statement was true, or (3) the Defendant had a special relationship of trust and confidence with the Plaintiff. (Doc. 9, PageID.168). Plaintiffs maintain the Court does not have a factual record before it from which to determine Plaintiffs have no reasonable possibility of recovering on their fraud claims because in order to do so, the Court needs evidence regarding the Plaintiff's level of education, sophistication and involvement with respect to insurance and financial matters, or needs evidence regarding the Plaintiff's competence, intelligence, or background knowledge of insurance transactions to understand the alleged representations by the Deen Agency were puffery instead of representations of fact upon which Plaintiffs could rely.

(Doc. 9, PageID.168). Regarding damages, Plaintiffs claim they have been damaged because State Farm has not paid their claim in full despite Plaintiffs "submitt[ing] everything necessary for State Farm to pay the coverage they agreed to pay when the policy was issued…" (Doc. 9, PageID.169).

The Plaintiffs misinterpret State Farm's argument. State Farm contends the alleged statements are non-actionable "puffery" upon which the Plaintiffs have no right to rely regardless of their knowledge or education. (Doc. 12, PageID.182). The undersigned agrees. The Alabama Supreme Court has held that "statements of opinion amounting to nothing more than 'puffery' or predictions as to events to occur in the future are not statements concerning material facts upon which individuals have a right to act and, therefore, will not support a fraud claim." *Fincher*, 583 So. 2d at 259. *See also Mason v. Chrysler Corp.*, 653 So.2d 951 (Ala. 1995) (national advertisement that referred to quality of automobile, and statements by automobile seller to buyer that warranty on automobile was "the best," that the warranty was comparable to other luxury cars were statements commonly made in courts of selling cars, and were mere "puffery" which could not be relied upon as a statement of material fact); *McGowin v. Chrysler Corp.*, 631 So.2d 842, 846 (Ala. 1993) (statements made by automobile salesman that automobile was "top of the line" and "smooth riding" car were "puffing" rather than fraudulent misrepresentations); *Broadway v. State Farm Mut. Auto. Ins. Co.*, 4 F.Supp. 3d 1271, 1278 (M.D. Ala. 2014), *aff'd*, 683 F. App'x 801 (11th Cir. 2017) (alleged statements made by State Farm "that it treats and would treat its automobile insurance customers as a 'good neighbor' was considered puffery, not a statement of material fact, and not sufficient to state a cause of action for fraud in Alabama). Determining whether a representation is an opinion or a fact depends on all circumstances of the case, "'such as the form and subject matter of the representation and the knowledge, intelligence and relation of the respective parties. The mere form of the representation as one of opinion or fact is not in

itself conclusive, and in cases of doubt the question should be left to the jury.'" *Fincher*, 583 So. 2d at 259 (quoting *Harrell v. Dodson*, 398 So.2d 272 (Ala. 1981).

Considering all the circumstances presented, the undersigned finds the alleged representations are puffery. Plaintiffs' fraud claim alleges the Deen Agency misrepresented that State Farm "treated their customers fairly, had an excellent track record in handling customer's claims, and would fairly handle any claim that was made…" (Doc. 1-2, PageID.27). These alleged statements were made at the time Plaintiffs inquired about purchasing insurance coverage for their newly renovated home and new furnishings. (Doc. 1-2, PageID.27). Plaintiffs claim they asked the Deen Agency about State Farm's track record and "attitude" towards claim handling. (*Id.*). General statements about a businesses' track record and treatment of its customers are promotional statements that go together with the sale of products and services. A vague, hypothetical statement concerning claim handling in the future is a prediction, not a material fact. *Fincher*, So. 2d at 259. Furthermore, representations that State Farm treats its customers fairly and handles claims fairly are non-specific statements of opinion rather than fact. *See Garza v. State Farm Lloyds*, No. 7:13-CV-112, 2013 WL 3439851, at *5 (S.D. Tex. July 8, 2013). Plaintiffs refer to the Deen Agency's alleged statements as opinions that can be characterized as facts under Alabama law, but do not cite caselaw authority supporting this contention.[1] The Plaintiffs have not alleged any material facts they relied on to their detriment, and they have not provided a solid Alabama law case that indicates their claim is a valid fraud claim.

Based on the foregoing, and upon consideration of the parties' respective briefs, the relevant authorities, and the record in this case, the undersigned finds it is not reasonably possible

---

[1] Plaintiffs cite *Alabama Pattern Jury Instructions 18.09* and *BellSouth Mobility, Inc. v. Cellulink, Inc.*, 814 So.2d 203 (Ala. 2001). (Doc. 9, PageID.168).

Plaintiffs can establish a cause of action for fraud under Alabama law against the Deen Agency. Thus, for purposes of remand, the Deen Agency was fraudulently joined.

### IV.    Conclusion

Accordingly, there being no issue as to the amount in controversy, the undersigned recommends upholding that diversity jurisdiction exists as plead and proven by State Farm and that the Plaintiffs' Motion to Remand be **DENIED**.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error, if necessary, "in the interest of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 27th day of October 2025.

                                                  <u>s/WILLIAM E. CASSADY</u>  
                                                  UNITED STATES MAGISTRATE JUDGE

Case 2:25-cv-00277-JB-C   Doc# 17   Filed 10/27/25   Page 9 of 9   PageID# 197